## KETCHIN v. RION.

WILLS—POWERS.—Where a power under a will is executed contrary to the limitations contained in the will creating it, it is void, and where a will executed under such power is for such reason declared void, the property passes under the first will.

Before KLUGH, J., Fairfield, September, 1903.   Modified.

Action by Thomas H. Ketchin, as executor of the will of Mary C. Rion, against Preston Rion *et al.*   From Circuit decree, Margaret H. Rion, Floride C. Barron, Holbrook Rion, Lucy Rion Boozer, Hanna Rion Williams, Willie C. Rion, Margaret H. Rion, Jr., Lucille Rion, Charles H. Barron, Floride C. Barron, Jr., Jacob T. Barron, Jr., Elizabeth K. Barron and Jane Fisher Barron, appeal.

*Messrs. Buchanan & Hanahan,* for certain appellants, cite: *As to intestacy:* 31 S. C., 413.   *Estate must be distributed under will and codicil:* 13 S. C., 531; 3 Rich. Eq., 543; 1 Rich. Eq., 141.

*Mr. A. S. Douglass,* for Mrs. Barron and children, cites: *Upon failure to appoint under power remainder vests under will:* 4 Rich. Eq., 475; 14 S. C., 528; 33 S. C., 424; 1 Strob. Eq., 43; 56 S. C., 7.

March 24, 1904.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   Col. James H. Rion, of Fairfield County, in this State, departed this life on the 12th day of December, 1886.   He left a last will and testament, dated the 1st day of April, 1882.   In this last will and testament he had provided for his daughter, Mrs. Kitty Rion McMaster.   By a codicil to his will, dated 24th October, 1883, she having died during his lifetime, he declared that all provisions in his will for said daughter are revoked.

The testator nominated his wife, Mrs. Mary C. Rion, as

the sole executrix of his will and codicil, who after his death procured said will and codicil to be admitted to probate and qualified as executrix. Before Mrs. Rion, as executrix, had settled the estate of her deceased husband, she died, leaving her last will and testament, in which she appointed the plaintiff the executor of the said will. She attempted, in her will, to execute the power she had under her husband's will. Thus matters were in confusion, as will be made to appear by reference to the will and codicil of Col. Rion, as well as the will of Mrs. Rion. We have thought it best to reproduce those three papers herein, by copies thereof, as follows:

"In the name of God. Amen. The following is my last will and testament:

"Item 1. I give and devise unto Sally, the wife of Preston Rion, and her children all my Ford place. Also all my personal property upon my said Ford place and Preston's 'Ford' place. Also all the bonds, mortgages and debts owing me at the time of my death by my son, Preston.

"All the foregoing for her children during her life without power of sale or of encumbering the same by mortgage or other lien, and after her death to her children, who may survive her, or if she die without surviving children, then all the aforesaid property is to be disposed of as my son Preston may appoint by a written declaration of trust. All the foregoing devise and bequest I value at five thousand dollars.

"Item 2. I devise and bequeath to my son Holbrook all my Peay places, being all my Rochelle Hill place, all my Dutchman Creek place, and all my Belton place, in all about eighteen hundred and twenty-three acres and one thousand dollars. All of the above I value at five thousand dollars.

"Item 3. I devise to Floride Barron and her children during her life, with power of sale by her but not of encumbrancing by mortgage or other lien, my Arthur lot in Columbia and improvements thereon, and after her death the same to belong to her surviving issue or failing issue to her hus-

band, Jacob T. Barron, as he may appoint by declaration of trust in writing. In case of sale, the proceeds must be invested in real estate subject to the foregoing restrictions and limitations. This property I value at three thousand five hundred dollars.

"Item 4. I devise to Maggie Rion my law office in Columbia and my large diamond shirt button. The foregoing land and stud I value at fifteen hundred dollars.

"Item 5. I give to Kitty Rion McMaster my smaller diamond shirt button valued at three hundred dollars.

"Item 6. I value my law library and office fixtures at five thousand dollars.

"Item 7. I devise and bequeath to my wife Mary C. Rion all the real and personal estate and choses-in-action not hereinbefore disposed of which may belong to me at my death for and during her natural life with power to sell any part or give off to our children whenever she may choose, or she may dispose of the same by will, but in giving off or disposing by will she must not, with what I have herein given, give any daughter less than five thousand dollars nor any son over five thousand dollars in value, unless when each shall have received five thousand dollars there be a balance in which case she may equalize or dispose of such balance as she chooses.

"Item 8. My tombstone must be a single upright slab of marble not costing over fifty dollars.

"Item 9. In all contingencies arising under Item 7 (seven) Sally and her children are to stand in lieu of Preston with remainders and limitations as provide in Item 1 (one), and whatever Floride receives is to be subject to the remainders and limitations provided in Item 3 (three).

"Item 10. I give to my grand-son, James H. Rion, Jr., all my jewelry (except my diamond snuff box) not hereinbefore disposed of, my sword and military trappings, my South Carolina College book, my presentation copy of Calhoun's works, my Calhoun Memorial book, Mr. Calhoun's watch

seal and portfolio, Dr. Leiber's inkstand and five hundred dollars.

"Item 11. At the death of my wife in case she make no will my children are to be equalized.   Item 9 (nine) also applying in such case.

"Item 12. I constitute my wife the executrix hereof.   Executed as my last will and testament this the first day of April, 1882.                    "JAMES H. RION."

"CODICIL.—State of South Carolina, County of Fairfield.

"In the name of God.   Amen.

"My daughter Kitty Rion McMaster having died, the following is a codicil to my last will and testament, executed on 1st April, 1882:

"1. All provisions made in my will for my daughter Kitty are hereby revoked.

"2. I give to my daughter Hanna my smaller diamond shirt button valued three hundred dollars.

"3. I desire my wife (or executor) to make a provision for my grand-son Kitt Rion McMaster equal to one-half of what she would have made for my daughter Kitty had she lived.   She is to use for his benefit the income of his share if she deem expedient until he arrives at the age of twenty-one years and should he attain that age, then turn over to him his share.   Should he die before attaining maturity then the provision for him is to return to my estate and be distributed under the provisions of my will.

"Executed this the twenty-fourth day of October, 1883.

"JAMES H. RION."

WILL OF MARY C. RION.

"State of South Carolina, County of Fairfield.

"In the name of God.   Amen.

"I, Mary C. Rion, do hereby declare this to be my last will and testament and all others null and void and do hereby revoke any heretofore made by me.

"Item 1. The estate of my husband, James H. Rion, deceased, is in debt to me as executrix for the maintenance and administration of the same.   I desire my executor to collect

as soon as possible this money and first pay any personal debts I may owe, the remainder of said money being my own *personal property* I bequeath and give for love and affection to my three daughters, viz: Margaret H., Lucy Rion and Hannah Rion, in equal division share and share alike.

"Item 2. It is my desire to execute the wishes of my deceased husband, James H. Rion. To this end I dispose of the property therein devised and bequeathed by his will to me as follows:

"To my daughter Margaret H. Rion I give and bequeath thirty-five hundred dollars.

"Item 3. Floride Calhoun Barron having received the value of thirty-five hundred dollars in a house and lot during her father's life, which she has now occupied near twenty years and has held possession of, I consider that with the interest accruing on the investment, she, Floride, has hereby gotten more from her father's estate than any of the other sisters will get at my death—it would be unjust to make her a legatee under my will. Therefore I declare that said Floride, her husband nor any of her children have any part or parcel in any real estate, monies, bonds or chattels I may leave or anything accruing to the estate in the future.

"Item 4. My husband making no provision in his will for our son Willie Calhoun Rion but 'leaving him to me on his death-bed to do what I could for him,' I give and bequeath twenty-five hundred dollars to his son Willie and his daughter Margaret, share and share alike, and hereby appoint and constitute my daughter Margaret their trustee.

"Item 5. I give and bequeath to my daughter, Lucy Rion Edwards, five thousand dollars and my silver, pictures, clothes and household linen.

"Item 6. I give and bequeath to my daughter, Hannah Rion Williams, four thousand dollars, also my rosewood bedroom set. And to her daughter Theresa any script belonging to me personally.

"Item 7. I give and bequeath to Kitt Rion McMaster twenty-five hundred dollars.

"Item 8. I have desired to execute my husband's will as far as possible. The estate after paying all legitimate debts had no available funds, and therefore I offered at different times some valuable real estate for sale, but my son, Preston Rion, by circulating erroneous and damaging reports of my ability to give clear titles to any property I sold, made sales impossible and prevented me settling Item 10 of my husband's will. Therefore I consider it due to the heirs at law to exonerate my executor from paying same after my death. No date for payment of Item 10 was fixed and therefore no interest could be claimed if I had been able to settle it and it could not have been paid until all other debts had been paid.

"Item 9. The sideboard claimed and held by Preston's wife Sally was never given to her by me and belongs to my dining room set and shall be claimed and restored as my property at my death.

"Item 10. I desire a careful appraisement shall be made by disinterested parties as J. E. McDonald and T. K. Elliott of my real estate, stocks and household effects of which the estate may be possessed at my death and at its appraised value any piece of property may be taken by agreement of any daughter as a part of her legacy without the necessity of a public sale.

"Item 11. To Helen Rion, Jr., I give and bequeath my piano music, music stool and music rack and tuning keys.

"Item 12. If, after a careful appraisement of real estate, bonds and script, the amount shall aggregate *less* than the amount to be divided under my will in proportion to the amount bequeathed to each one, I direct and leave the aggregate remainder to be prorated among Margaret H., Lucy, Hannah, Kitt McMaster and Willie's two children.

"Item 13. I nominate and appoint and constitute Thomas H. Ketchin as the executor of this will and hereby give unto him full power and authority to sell and convey any real estate and other properties. And also desire him to make as speedy settlement as possible with the heirs. I

desire that my executor be not required to give bond for the faithful execution of this trust and in witness thereof I hereby subscribe my name this 26th day of February, A. D. 1900.      MARY C. RION."

This action was brought by the executor of Mrs. Mary C. Rion's will, to which the children of Col. Rion and certain of his grand-children who are affected by the terms thereof are made parties defendant. All parties defendant duly answered. A reference was made to J. J. Neil of all the issues of law and fact. His report was made and came on to be heard by Judge Klugh, who pronounced the following decree:

"Col. James H. Rion died on December 12, 1886, leaving his widow and seven children, to wit: Preston, Margaret H., Floride C., Willie C., Holbrook, Lucy and Hannah. He left a will of which his widow, Mrs. Mary C. Rion, was appointed executrix. In his will he gave to the wife and children of his son Preston, property which he valued at $5,000; to his daughter Margaret, property which he valued at $1,500; to his daughter Floride C. Barron and her children, property which he valued at $3,500; to his son Holbrook, property which he valued at $5,000; and to his daughter Hannah (in a codicil to his will), property which he valued at $300. It will be observed that he made no specified provision for his son, Willie C., nor his daughter, Lucy. The seventh paragraph of his will is as follows: '7. I devise and bequeath to my wife, Mary C. Rion, all the real and personal estate and choses in action not hereinbefore disposed of which may belong to me at my death for and during her natural life, with power to sell any part or give off to our children whenever she may choose, or she may dispose of the same by will, but in giving off or disposing by will, she must not, with what I have herein given, give any daughter less than five thousand dollars, nor any son over five thousand dollars in value—unless when each shall have received five thousand dollars, there be a balance, in

which case she may equalize or dispose of such balance as she chooses.'

"In the tenth paragraph of his will he gives to his grandson, James H. Rion, certain articles of personal property and five hundred dollars. In the codicil to his will he directs his wife to make provision for his grand-son, Kitt Rion McMaster, son of his predeceased daughter, equal to one-half of what she would have made for his daughter Kitty had she lived.

"Mrs. Mary C. Rion qualified as executrix and took possession of her husband's estate and entered upon the enjoyment of the same as life tenant. In her returns as executrix she charged the estate with many items for taxes, repairs, insurance and other expenses with which she as life tenant is chargeable, and her return also shows various payments to her children on account of their interest in the estate. It also appears that in the year 1896, she conveyed to Holbrook Rion a tract of 118 acres of land for the expressed consideration of $32.50 and one bale of cotton of five hundred pounds per year during her life. No mention of this transaction is made in her returns. It appears that Col. Rion paid $380 for the same land in 1883. These matters will be adverted to hereafter. Mrs. Rion died in 1901, leaving a will of which the plaintiff herein is the executor. She attempts in her will to execute the power conferred upon her by the seventh clause of her husband's will by disposing of his estate to certain ones of their children. She gives to her daughter, Margaret H. Rion, $3,500; declares that Floride C. Barron, having received $3,500 in her father's lifetime, is entitled to nothing further from the estate; gives to the two children of Willie C. Rion, who died after his father, $2,500, to be divided equally between them; gives to her daughter, Lucy, $5,000; to her daughter, Hannah, $4,000; to her grand-son, Kitt Rion McMaster, $2,500, and declares her inability to pay a legacy of $500 bequeathed by her husband to his grand-son, James H. Rion, on the ground that she has been unable to do so, and exonerates her executor

from doing so and confers upon her executor 'full powers and authority to sell and convey any real estate or other properties.' It will be observed the whole scheme of Mrs. Rion's will proceeds upon the conversion of the property of Col. Rion into money, although she made no sale thereof herself, and the disposal of the money to certain of her children whom she seems to prefer over the others.

"The obvious conflict of the provisions of her will with those of her husband's, was well calculated to create doubts in the mind of her executor as to his powers and duties. He, therefore, brings this action against the heirs at law and the devisees and legatees under the wills of Col. Rion and Mrs. Rion, for the purpose of having said wills construed by the Court, his own duties defined, and the rights of the several parties under said wills ascertained and adjudicated. The defendants all answer, setting up their respective contentions. The cause was referred to J. J. Neil, Esq., as referee, and he has taken testimony, stated the account of Mrs. Rion, as executrix, and also made a statement showing the amounts advanced by her as executrix to the several defendants, and has filed his report. The cause comes before me upon said report without formal exceptions.

"The main question in the case is the proper construction of the seventh clause of Col. Rion's will, and whether Mrs. Rion has executed the powers therein conferred upon her. In this clause the testator, after giving to his wife a life estate in all the residue of his estate left after certain devises and bequests therein specified, confers upon her power to do three things: 1. To sell any part of the estate. 2. To 'give off to our children whenever she may choose.' 3. To dispose of the estate by will. Upon the exercise of the second and third of these powers the testator placed this restriction, that 'in giving off or disposing by will, she must not, with what I have herein given, give any daughter less than five thousand dollars, nor any son more than five thousand dollars in value.' If there should be a balance after each one has received five thousand dollars as to such balance the

restriction is removed, and 'she may equalize or dispose of such balance as she chooses.'

"The executrix failed to execute the power to sell and also the power to give off except to a very limited extent under each, which will be hereafter noticed. So the question is narrowed to this: Has Mrs. Rion executed the power to dispose of the estate of her husband by will? This power is subject to the above restrictions; in exercising it, she must give to each daughter that which, added to what she has already received, will amount to full five thousand dollars in value, and that before she gives to any son any part of the estate. In her attempt to exercise this power, Mrs. Rion proceeds upon the assumption that the whole estate is converted into money, which, as we have seen, she in the last clause of her will authorized her executor to do. To her daughter, Margaret, who had received $1,500 worth of property under her father's will, she gives $3,500, making the full amount of $5,000 for her; to her daughter, Lucy, who had received nothing under her father's will, she gives $5,000, besides certain of her own personal effects; to her daughter, Hannah, who had received under her father's will property valued at $300 and also certain advances from her mother, she gives $4,000, making more than the full amount of $5,000 for her; to her daughter, Floride, who had received under her father's will property valued at $3,500, she gives nothing, declaring that said Floride and her husband and children shall have no part in the estate, nor anything accruing thereto in the future; to the children of her son Willie, she gives $2,500; and to Kitt Rion McMaster, son of her predeceased daughter, Kitty, she gives in accordance with the express desire of her husband, $2,500. It is manifest that Mrs. Rion in the above disposition transgressed the power conferred by her husband in at least two particulars: first, in excluding Mrs. Barron from any further participation in the estate; and secondly, in appointing a portion to the children of her deceased son, William, before making Mrs. Barron's share, with what her father had given her, the

full amount of $5,000. Without entering upon a discussion of the authorities, my opinion is that Mrs. Rion's execution of the power, being contrary to the limitations contained in it, is void. *Fronty* v. *Fronty,* Bail. Eq., 529-30; *Alexander* v. *Alexander,* 2 Ves., 640; 2 Min. Inst., 743 (2d ed.); 22 Ency. (2 ed.), 1148-1151; 2 Sug. Pow., *219. The residuary estate of Col. Rion passes, therefore, to his heirs at law, subject to the provisions of the 11th clause of his will, which is as follows: '11. At the death of my wife, in case she makes no will, my children are to be equalized, Item 9 (nine) also applying in such case.'

"It becomes necessary to ascertain what portions of the estate have been received by the several heirs either under the will or from the executrix. The heirs are the seven children above named, the wife and children of Preston being substituted for him by the testator, and the wife and children of William, who has died since his father, representing him, and Kitt Rion McMaster, the son of a predeceased daughter of the testator. The portions given to certain of the children by the testator in his will have already been stated. It appears that Margaret H. Rion has received from the executrix $20.05; Lucy Rion (Edwards) Boozer, $159.57; and Hannah Rion Williams, $1,074. I do not think the expenses of her education can be charged against Hannah (*Cooner* v. *May,* 3 Strob. Eq., 185), and it is clear that the four shares of bank stock for the proceeds of which she receipted to her mother as her guardian were purchased with her interest in certain life insurance money, which, so far as appears, was no part of the estate of her father. These payments to these three daughters was the extent to which Mrs. Rion appears to have exercised the power to 'give off to our children.' The conveyance to Holbrook Rion of a certain tract of land of her testator, as above set forth, was a legitimate exercise of the power to sell a part of the estate which the will conferred upon Mrs. Rion, and the consideration, while it may or may not have been adequate, was more than nominal and sufficient to support the transaction.

The evidence does not warrant the conclusion that there was bad faith in the conveyance. The deed must stand.

"The legacy to James H. Rion, Jr., must be paid, with interest from the first day of January, 1888. 18 Ency. (2d ed.), 793; *Barksdale* v. *Hall,* 13 Rich Eq., 180. This is a charge upon the estate which must be satisfied before any distribution. It is subject to a credit of $54.23 for payments made on account of it by the executrix. The executor of Mrs. Rion has no authority to sell any part of the estate of Col. Rion, nor, indeed, under the statute, to take any other step in the administration of said estate. Code of 1902, sec. 2502. It is his duty to preserve said estate so far as it has come into his hands, and to deliver it to such person or persons as may show proper authority to demand and receive it from him. The referee finds that the estate of Mrs. Mary C. Rion is indebted to that of James H. Rion in the sum of $2,263.42, which finding and all his other findings, except as herein modified, are hereby confirmed.

"It will be necessary to have an administrator *cum testamento annexo* of the estate of Col. Rion before the Court, before any final order for the winding up of the estate can be made. It is impracticable upon the record as it is now presented to the Court, even to make an order for the sale of the property belonging to his estate, which it seems will be necessary before a distribution of the same in accordance with the terms of his will can be affected.

"It is ordered, adjudged and decreed:

"1. That the plaintiff, Thomas H. Ketchin, as executor of the will of Mary C. Rion, deceased, do collect and preserve the assets of the estate of James H. Rion, deceased, so far as they have come or may hereafter come into his hands, until the further order of the Court, or until some party duly authorized to receive the same shall demand them of him; that the plaintiff, as executor as aforesaid, pay to the estate of James H. Rion, deceased, out of any assets in his hands, or to come into his hands, of the estate of Mary C. Rion, deceased, the sum of $2,263.42, with interest from

July 1, 1902, or so much thereof as such assets will pay.

"2. That James H. Rion, Jr., do recover from the estate of
James H. Rion, deceased, the legacy bequeathed to him in
the will of said deceased, to wit: the sum of $500, with
interest thereon from January 1, 1888, less a credit of
$54.23, and also the specific articles bequeathed to him by
the testator in said will, and that he may have leave to pro-
ceed as he may be advised to enforce payment of said
amount and also the delivery of said specific personal prop-
erty.

"3. That the will of Mrs. Mary C. Rion, in so far as it
purports to dispose of the residuary estate of James H. Rion,
deceased, is null and void, and that said residuary estate be
distributed after payment of any indebtedness that remains
unpaid against such estate, including any unpaid taxes now
due, or hereafter to become due, and the aforesaid legacy of
James H. Rion, Jr., amongst the heirs at law of the said
James H. Rion, deceased, in the following proportions, to
wit: To the wife and children of Preston Rion, by substitu-
tion for the said Preston Rion, one-eighth part; to Margaret
Rion, one-eighth part; to Floride C. Barron, one-eighth
part; to Holbrook Rion, one-eighth part; to Lucy Edwards
Boozer, one-eighth part; to Hannah Rion Williams, one-
eighth part; to Kitt Rion McMaster, one-eighth part; to
Lucille A. Rion, Willie C. Rion and Margaret H. Rion, Jr.,
each one twenty-fourth part.

"That the share going to the wife and children of Preston
Rion is subject to all restrictions, limitations and remainders
set forth and prescribed in Item 1 of the will of James H.
Rion, deceased, and the share going to Floride C. Barron is
subject to the remainder and limitations provided in Item
3 of said will.

"That the following parties, before taking any share of
said estate, shall account for the amounts already received
by them, respectively, from the estate of the said James H.
Rion, deceased, as follows: The wife and children of Preston
Rion, $5,000.00; Margaret H. Rion, $1,520.05; Floride C.

Barron, $3,500.00; Holbrook Rion, $5,000.00; Lucy Edwards Boozer, $159.57; Hannah Rion Williams, $1,374.00. And that the shares of the parties be equalized as provided in the 11th clause of the will of James H. Rion, deceased.

"4. That any of the parties to this action have leave to apply at the foot of this decree or in the further progress of the cause for any order or orders that may be necessary to carry out the views herein expressed, or to effect and expedite the settlement and distribution of the estate of the said James H. Rion, deceased.

"5. That the plaintiff, as executor of the will of Mary C. Rion, deceased, out of the assets of her estate pay the costs of this action."

The parties, plaintiff and defendants, acquiesced in all of the findings of law and fact by the Circuit Judge except on two points, which are set out in the two exceptions as follows:

"I. Because his Honor, after holding 'that Mrs. Rion's execution of the power being contrary to the limitations contained in it, is void,' erred in finding and holding, 'that the residuary estate of Col. Rion passed, therefore, to his heirs at law, subject to the provisions of the 11th clause of his will;' whereas, he ought to have held and found that the said residuary estate, after the expiration of the life estate of Mrs. Mary C. Rion, passed under the will of James H. Rion, deceased, and the codicil thereto, to the children of the testator living at the time of his death in equal shares, and to Kitt Rion McMaster, the son of a predeceased daughter, in the proportion of one-half of a child's share, subject to the provisions of the 11th clause of the said will and also of the 9th clause thereof, under which latter clause, Sallie and her children are to stand in lieu of Preston, with remainders and limitations as provided in Item 1, and whatever Floride receives is to be subjected to the remainders and limitations provided in Item 3.

"II. Because his Honor erred in ordering and adjudging that the residuary estate of James H. Rion, deceased, be dis-

18—68

tributed after the payment of any indebtedness that may remain against such estate, and any taxes due, or hereafter to become due, and the legacy of James H. Rion, Jr., among the heirs at law of James H. Rion, deceased, in the proportion of one-eighth part to the defendant, Floride C. Barron, and one-eighth part to each of his other children living at the time of the testator's death, or their representatives, and also one-eighth part to the defendant, Kitt Rion McMaster; whereas, his Honor ought to have adjudged that the said estate be divided among the children living at testator's death, or their representatives, and the said Kitt Rion McMaster, under and according to the provisions of the testator's will and codicil thereto, in the proportion of two-fifteenths part thereof to each of the defendants, Floride C. Barron, Margaret H. Rion, Lucy Rion Boozer, Hannah Rion Williams, and Holbrook Rion, and two-fifteenths thereof among them to the representatives of Willie C. Rion, deceased, who was living at the time of testator's death, and one-fifteenth thereof to the said Kitt Rion McMaster, and two-fifteenths thereof to Sallie H. Rion and her children, subject to accounting for amounts already received by the parties, respectively, as stated in the decree."

We will now pass upon these two exceptions.

1. We find no great difficulty in reaching a conclusion on the first exception in favor of the appellants. The Circuit Judge having found that the attempted exercise of the power, carved out of Col. Rion's will by Mrs. Rion, was null and void, felt that it was necessary for the fee in the property of Col. Rion to be vested somewhere, and placed it in his heirs at law. Thus admitting the grand-son, Kitt Rion McMaster, as the representative of his deceased mother among the heirs at law. As well remarked in Mr. Hannahan's argument from *Welborn* v. *Townsend*, 31 S. C., 413, 10 S. E., 96, "Where there is a will, the policy of the law is not in favor of declaring a partial intestacy unless the reason for such results are clear and indisputable." It is patent from an inspection of the will and codicil that Col. Rion did not

intend any intestacy.    He so arranged the provisions of the will and codicil that there could be no intestacy of his estate.

2.  We think that a careful study of Col. Rion's will, will show that he intended his wife to receive a life estate, but that the residuary estate vested at his death in his seven children, one share to each, and one-half of one share in his grand-son, Kitt Rion McMaster.    This half share of his grand-son, Kitt, is devised under the codicil.    In *Williams* v. *Holmes,* 4 Rich. Eq., page 475, the Court holds, that "Where an estate is devised to one for life, with remainder to such persons as the tenant for life or any other appointor shall direct and appoint, and in default of such appointment to a person or class of persons *in esse,* the remainder is vested, notwithstanding the interposition of the power.    The estate is vested in the remaindermen, subject to be divested by the execution of the power."    These views are sustained by the cases of *Bilderdack* v. *Boyce,* 14 S. C., 528 ; *Atkinson* v. *Dowling,* 33 S. C., 424; *Betly* v. *Long,* 1 Strob. Eq., 43. As we have just held that there was no intestacy as to any property left by Col. Rion at his death, then the statute of distributions plays no part in the distribution of his estate, it follows of necessity that the provisions of the will itself must regulate the settlement of the shares therein.    Each child must receive a full share and the grand-son can only take one-half of one share.    Of course, we mean when we say each child must receive a full share, that such share of each child must be under the limitations and restrictions of the will.    Thus Preston's share goes to his wife and children, and that of Mrs. Barron under the restrictions and limitations of the will, and Kitt Rion McMaster must have one-half of one full share.    The decree is erroneous when it orders a full share paid to the grand-son, Kitt Rion McMaster, and must be corrected, as herein provided.

It is the judgment of this Court, that the decree of the Circuit Court herein shall be modified as herein required, and after it shall have been so modified that it stand affirmed.