## KETCHIN v. RION.

ATTORNEY'S FEES—COMMISSIONS.—Where an executor brings an action to construe the will of his testator and to define his powers and duties, which will undertook to carry into effect powers vested in his testator by a former will, in which action all parties acquiesced, the executor is entitled to commissions on such funds as came into his hands belonging to the first estate, and his reasonable attorney's fee out of said estate, although the will under which he acted was held not to have executed the powers conferred on his testator by the former, and an administrator with the will annexed was appointed of the first estate. *Brown* v. *Vinyard,* 1 Bail. Eq., 460, *distinguished from this.*

Before GAGE, J., Fairfield, May, 1904. Affirmed.

Motion in action by Thos. H. Ketchin, executor of Mary C. Rion, against Preston Rion and others. From Circuit order the defendants, M. H. Rion, administratrix, with will annexed of J. H. Rion, and individually, Lucy Rion Boozer, Hanna Rion Williams, Lucile Rion, Willie C. Rion and M. H. Rion, Jr., appeal.

154                    KETCHIN v. RION.

*Messrs. Buchanan & Hanahan,* for appellants. *Mr. Hanahan* cites: 21 S. C., 179; 60 S. C., 283; Bail. Eq., 461; 68 S. C., 269, 245; Code, 1902, 2550; 9 Rich. Eq., 83.

*Mr. J. E. McDonald,* contra, cites: 68 S. C., 260; 2 Perry on Trusts, sec. 910; 2 McC. Chan., 76; 4 Rich Eq., 45; 60 S. C., 272; 21 S. C., 178; 64 S. C., 285; 12 S. C., 463; 3 Ency., 417; 51 Ind., 159.

July 17, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The question in this case is whether the plaintiff, executor of the will of Mrs. Mary C. Rion, is entitled to have his attorneys' fees and commissions paid out of property which in this litigation has been adjudged to belong, not to the estate of Mrs. Mary C. Rion, but to the estate of James H. Rion. A full statement of the facts will be found in the case as reported in 68 S. C., 260, 47 S. E., 376. James H. Rion by his will appointed his wife, Mary C. Rion, executrix, and left her a large part of his estate for life, with a power of absolute disposition to the children, to be executed as directed in his will. Mrs. Rion undertook to execute the power by her will. Upon her death the plaintiff, as her executor, came into possession of the property she had received from the estate of her husband, and found himself confronted by very grave questions as to its disposition. He sought the instruction of the Court by bringing an action to which all those interested in either will were made parties, it being manifestly necessary to construe both wills and fix the rights of the parties under them. So far from any objection being made to a full adjudication of all rights under the will of James H. Rion, it appears that such adjudication was sought by all parties interested, including those who now object to the payment of fees and commissions. In stating the question brought before the Court by the executor of Mrs. Rion, his Honor, Judge Klugh, said: "The obvious conflict of the

provisions of her will with those of her husband's was well calculated to create doubts in the mind of her executor as to his powers and duties. He, therefore, brings this action against the heirs at law and the devisees and legatees under the wills of Col. Rion and Mrs. Rion for the purpose of having said wills construed by the Court, his own duties defined, and the rights of the several parties under said wills ascertained and adjudicated. The defendants all answered, setting up their respective contentions." To this view of the scope of the action no objection was made by appeal or otherwise. It is true, it turned out the plaintiff was not entitled to hold the property as executor of Mrs. Rion, the Court having held that there was no valid execution of the power conferred on Mrs. Rion; but he was its custodian in good faith, and with the acquiescence of all concerned initiated the proceeding necessary to determine its ownership. As between himself and the parties interested in the property he, therefore, stood in the relation of a trustee in possession, rendering service in its management, bringing it into Court, and litigating concerning it with the acquiescence of those interested, and for their benefit. Indeed, in this view, Judge Klugh ordered the plaintiff to act as trustee of the property by adjudging "that the plaintiff, Thomas H. Ketchin, as executor of the will of Mary C. Rion, deceased, do collect and preserve the assets of the estate of James H. Rion, deceased, so far as they have come or may hereafter come into his hands, until the further order of the Court, or until some party duly authorized to receive the same shall demand them of him." To this portion of the decree there was no exception. It seems, therefore, obvious he is entitled to his commissions and reasonable attorneys' fees. 2 Perry on Trusts, sec. 910. The case of *Brown* v. *Vinyard,* 1 Bailey's Eq., 460, has no application. There, so far from the Court holding and all parties conceding that a necessity existed for the litigation for the benefit of those concerned, the person claiming fees and commissions as executor had undertaken

to hold the estate under a forged will against the administrator.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICE GARY *and* JONES *concur.*

MR. CHIEF JUSTICE POPE *dissenting.* The record contains the following statement of facts: "This was a motion before his Honor, Judge George W. Gage, at the February, 1904, term of the Court of Common Pleas of Fairfield County; said motion being made in the original case ·of Thomas H. Ketchin, as executor of the last will of Mrs. M. C. Rion *v.* Preston Rion and others, to allow him commissions on all funds in his hands, both of the estate of Mrs. Rion and Col. Rion; and also a fee for his counsel, to be allowed him out of all funds, whether of the estate of Mrs. Rion or Col. Rion. Plaintiff is the executor of the will of Mrs. Rion, and brought this action to determine and ascertain his powers and duties as such executor, under the will of his testatrix. In said action the estate of Col. Rion was not represented by his personal representative. *Ketchin* v. *Rion,* 68 S. C., 260. Subsequent to the filing of the decree of his Honor, Judge Klugh, M. H. Rion was duly appointed administratrix, *cum testamento annexo,* of the estate of Col. Rion, and was made a party to the original action and to this motion.

"The estate of Mrs. Rion is of small value. The real and personal property of the estate of James H. Rion, deceased, which was in the possession of Mary C. Rion, as executrix and life tenant, was taken possession of by Thomas H. Ketchin, on his qualification as executor of the will of Mary C. Rion, deceased. The real estate was rented out and the rents thereof collected by said Thomas H. Ketchin. It is agreed that the case of *Ketchin* v. *Rion,* reported 68 S. C., 260, is a part of this case. Thomas H. Ketchin has in his hands money belonging to the estate of

Col. James H. Rion, amounting to the sum of $429.73, which he claims a right to hold under the decree of Judge Gage, as applicable to commissions and counsel fees. All other property of Col. James H. Rion's estate has been turned over by him to M. H. Rion, administratrix."

The following notice of motion was given: To attorneys for defendants (names being omitted) : "Take notice, that upon all of the pleadings, testimony and decree of Judge Klugh, and all other proceedings in the above entitled action, the undersigned will move before his Honor, Judge G. W. Gage, presiding Judge, on Thursday, the third day of March next, or as soon thereafter as counsel can be heard, to decide. whether or not the plaintiff, as executor, is entitled to commissions upon all of the funds heretofore coming into his hands, whether belonging to the estate of Mary C. Rion, deceased, or to James H. Rion, deceased, and also to decide. whether or not the plaintiff shall be allowed counsel fees in this action, and for such other and further relief as in the premises may be meet and just. J. E. McDonald, plaintiff's attorney."

A hearing upon this motion was had before Judge Gage, and on the 25th day of May, 1904, he passed the following decree : "This is a motion for the plaintiff to allow his counsel, J. E. McDonald, Esq., to be paid a fee out of the funds in his hands as executor; and further, to allow plaintiff commission upon all funds heretofore coming into his hands, whether belonging to the estate of James H. Rion, or the estate of Mary C. Rion. Judge Klugh tried the case. and concluded his decree with this language: 'That the plaintiff as executor of the will of Mary C. Rion, deceased, out of the assets of her estate pay the cost of this action.' That order has no relevancy to motion now considered. Judge Klugh further ordered, 'That the plaintiff, Thomas H. Ketchin, as executor, do collect and preserve the assets of the estate of James H. Rion, deceased, so far as they have come or may hereafter come into his hands, until the further order of this Court, etc.' It was contended by Mr. Doug-

lass, attorney for Mrs. Floride C. Barron, that Ketchin
stands in the attitude of an executor whose authority has
been revoked; that such an executor is not entitled to com-
missions for paying out the money in his hands to his suc-
cessor; that neither is Ketchin entitled to commissions for
paying the balance in his hands to the newly appointed ad-
ministrator of the estate of James H. Rion. And he cites
*Brown* v. *Vinyard,* Bail. Eq., 460. But in that case
the executor who made the claim had been acting under a
will which turned out to be a forgery. In the case at bar
Ketchin found, with reference to the estate of Col. and Mrs.
Rion, 'matters were in confusion.' (Judge Pope, page 261.)
This action was begun by him to construe both the wills of
Col. and Mrs. Rion, and to settle the difference betwixt the
two estates. All the heirs and devisees of both parties were
before the Court. The Court directed the plaintiff to act
in the premises in language hereinbefore cited. The plain-
tiff's action was not for his benefit, nor was it ill advised;
1 e acted for the interest of the Rion heirs. The order of
Judge Klugh did not direct him to pay out to any named
agent the funds due to Col. Rion's estate; nor did it direct
him to pay any certain sum or any sum that could be made
certain. Since the decree was made, an administrator *de
bonis non* has been appointed for Col. Rion's estate; and for
the payment of the sums in Ketchin's hands to that agent he
is entitled to his commissions. To deny him commissions
would put him in the wrong, when nobody has charged him
with wrong; and by wrong I mean illegal action. The re-
cord discloses the fact that Ketchin has effected at the hands
of the Court an adjustment betwixt two estates between
which there was much confusion. The plaintiff, as an indi-
vidual, had no interest in such adjustment. His action con-
ferred a benefit on others.

"Every rightful demand for a fee is founded upon a ser-
vice rendered by the demandant to him on whom the demand
is made; in this case on the estates of Col. and Mrs. Rion
for securing such a construction of their wills as they in-

tended and the law required. There are two instances where no fee ought to be allowed: (1) where the action has been brought in bad faith; and (2) where there was no reasonable ground for the action. In the case at bar there was neither of these elements. I am, therefore, of the opinion that plaintiff is entitled to a fee for his counsel; the amount to be determined by reference, if counsel cannot agree thereon."

From this decree the following exceptions are taken by some of the defendants:

"I. For that his Honor erred in holding and adjudging that the plaintiff, Thos. H. Ketchin, as executor of the last will and testament of the late Mrs. Mary C. Rion, is entitled to a fee for his counsel out of the estate of Col. James. H. Rion, when said plaintiff was not the legal representative and had no authority to act for the same, nor did he at any time pretend to be acting for said estate, but, on the contrary, all of his acts and doings were as the executor of the last will and testament of Mary C. Rion.

"II. For that his Honor erred in holding and adjudging that the plaintiff is entitled to a fee for his counsel out of both the estate of Col. Rion and the estate of Mrs. Rion, when it is submitted that plaintiff, not being the legal representative of the estate of Col. Rion, had no right or authority to bring said estate into Court; and plaintiff was not acting as the representative of the estate of Col. Rion in bringing his action, but, on the contrary, was acting as the executor of the last will and testament of Mrs. Mary C. Rion in bringing such action—the said action being brought for the benefit of his testatrix, and to define his own powers and authority as executor under the will of Mrs. Rion, and to establish the same, and not to carry out the will of Col. Rion, and plaintiff is not entitled to a fee for his counsel out of the estate of Col. Rion. But if he is entitled at all to a fee for his counsel, he is entitled to the same out of the estate of his testatrix.

"III. For that his Honor erred in holding and adjudging

that plaintiff is entitled to a fee for his counsel for bringing the action of Thos. H. Ketchin, as executor of the last will and testament of Mary C. Rion *v.* Preston Rion and others, when the same was brought for the benefit of the estate which he represented and to define his powers and authority under said will, which was declared null and void by the Court.

"IV. For that his Honor erred in holding and adjudging 'That since the decree was made and administrator *de bonis non* has been appointed for Col. Rion's estate, and for the payment of the sums in Ketchin's hands to that agent, he was entitled to his commission;' when he should have held that plaintiff is not entitled to commissions out of Col. Rion's estate for the payment of such sums of money as belonged to the estate of Col. Rion in his hands, which he pays over to the duly appointed administrator of Col. Rion's estate."

We will now consider these exceptions in their order.

I. Probably one of the most delicate duties of this Court is to settle questions relating to fees. Where persons are *sui juris,* that matter is determined by contract expressed or implied; but whenever the office of administrator, executor, guardian, committee or any other trustee brings the matter of counsel fees charged or to be paid, or as already paid, the nicest care is required to deal out exact justice as between the parties affected. Indeed, we know of no cases where Judges should be firmer than such as these. A distinction is made in those cases where the trustee acts upon his own judgment in bringing the estate of his *cestui que trust* in Court, and those cases where such trustee is forced into Court at the suit of others. In *Turnipseed* v. *Sirrine,* 60 S. C., page 281, it was said: "The Court will scrutinize with great care the circumstances surrounding each particular case to determine: *first,* the good faith of the trustee in his conduct as to the employment of such counsel; *second,* that such counsel so employed actually rendered the services in behalf of the trust estate; and *third,*

that the fees paid were reasonably worth the sums paid by the trustee."

Thomas H. Ketchin was not the executor of Col. Rion's estate, any services he may have rendered that estate were voluntary; indeed, his suit was brought to take from such estate all that was left thereof by his testatrix, Mrs. Mary C. Rion. That the result was at variance with his purpose is not to be added to his credit. The only possible connection that he may be said to legally occupy to the estate of Col. Rion is where Judge Klugh ordered that he should collect and preserve the assets of the estate of James H. Rion, deceased, so far as they have come or may hereafter come into his hands, until the further order of this Court. From so much of Judge Klugh's decree there was no appeal. All parties, therefore, to the action of *Ketchin* v. *Rion and others,* 68 S. C., 260, are bound by so much of Judge Klugh's decree. While, therefore, we are inclined to hold that there is no obligation under which the parties of this action rest as to the payment of a general counsel fee, or as to the payment of commissions to this executor, Ketchin, for moneys paid and received up to the first day of September, 1903, yet we think that this executor, Ketchin, is entitled to commissions on sums collected by him either from choses in action or rents from first of September, 1903, up to the time when the administratrix, Miss Margaret H. Rion, qualified as administratrix *de bonis non,* etc., of Col. James H. Rion, deceased, and to such fees as were necessary to make the collections herein referred to under Judge Klugh's decree as aforesaid.

Beyond these, we cannot consent that counsel fees and commissions for the plaintiff shall be paid out of the estate of Col. James H. Rion, deceased. We, therefore, sustain first exception of the defendants and from necessity, therefore, we also sustain the second, third and fourth grounds of appeal.

It will be necessary, therefore, that the commissions due to the plaintiff on all sums collected from first September,

11—72

1903, to the date when Miss Margaret H. Rion qualified as administratrix of her father's estate, should be paid, and any reasonable counsel fee for his attorney in such said collections should be paid out of the sum of $429.73 now in his hands belonging to Col. Rion's estate, and after such payment that the balance thereof shall be paid to Miss M. H. Rion, as said administratrix.

I think the Circuit judgment should be modified.